# Cases

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## December, 1883.

---

In the Matter of the Petition of MARY I. HOYT AND HELEN M. HOYT for an Allowance out of the Estate of JESSE HOYT, Deceased.

*Surrogate — power of, to direct an executor to pay a legacy pending an application to revoke the probate of a will — Code of Civil Procedure, secs. 2717, 2718, 2719, 2650.*

Section 2650 of the Code of Civil Procedure provides that where upon a petition duly filed to revoke the probate of a will, citations have been issued and served, " the executor or administrator with the will annexed must suspend, until a decree is made upon the petition, all proceedings relating to the estate, except for the recovery or preservation of property, and for the collection and payment of debts, and such other acts as he is expressly allowed to perform by an order of the surrogate made upon notice to the petitioner."

*Held*, that this section was not intended to enlarge or to restrict the powers of the surrogate in respect to orders, but simply to restrict those of the executor or administrator.

That the surrogate might, under the said section, authorize the executor or administrator to do any act or make any payment, the performance or making of which the surrogate was authorized by other sections of the Code to direct.

After service upon an executor of a citation issued upon a petition for the revocation of the probate of a will, the surrogate may, upon the presentation of a petition setting forth the facts prescribed in sections 2717, 2718 and 2719 of the Code of Civil Procedure, make an order, in the manner provided in section 2650, directing the executor to pay the whole or any portion of a legacy or distributive share to the person entitled to receive the same under the will.

*Matter of McGowan* (28 Hun, 246) explained and distinguished.

APPEAL from a decree of the surrogate denying the prayer of the petitioners for an allowance out of the estate of Jesse Hoyt, to be charged to the petitioners either as heirs-at-law or legatees under the will of said Jesse Hoyt, as the case may be, depending on the result of the contest touching his will.

*W. D. Shipman*, for the petitioners, appellants.

*Elihu Root*, for the executors, respondents.

DAVIS, P. J.:

The will of the late Jesse Hoyt was formally admitted to probate on the 29th of August, 1882, and on that day letters testamentary were issued by the surrogate to James W. Jackson, Albert M. Hoyt and Samuel W. Hoyt. The executors duly qualified and entered upon the performance of their duties. Afterwards and on or about the third of October, a petition was duly filed to revoke the probate and have the will set aside on the ground of want of testamentary capacity in the testator, and on other grounds set forth in said petition. Thereupon citations were duly issued pursuant to the provisions of section 2649 of the Code of Civil Procedure, and such citations were served upon the above named executors. The effect of the service of such a citation is declared by section 2650 in these words : "After service upon him of a citation issued, as prescribed in the last three sections, the executor or administrator with the will annexed must suspend, until a decree is made upon the petition, all proceedings relating to the estate, except for the recovery or preservation of property and for the collection and payment of debts and such other acts as he is expressly allowed to perform by an order of the surrogate, made upon notice to the petitioner." The effect, therefore, of the service of a citation is not to destroy, but simply to suspend in part the functions of the executors. The letters testamentary remain in full vigor for all purposes, subject only to the suspensory restrictions upon the action of the executors declared in section 2650 above cited. But the executors may proceed for the recovery or preservation of property and the collection and payment of debts, and may do such other acts in their official capacity as they are expressly allowed to perform by the order of the surrogate, made upon notice to the petitioner.

It was held by this court, *In the Matter of McGowan* (28 Hun, 246), that this section was not intended to enlarge the powers of the surrogate in respect to orders that may be made by him, but to restrict those of an executor so far as relates to all his powers beyond those expressly permitted to be performed by the previous provisions of the section. That is to say, that if the executor desired or was required to perform any act, except in preservation of property and the collection and payment of debts, which he could have lawfully performed, bnt for the interposition of the proceedings to revoke the probate, he can do so only after the service of the citation under an order of the surrogate expressly allowing such performance. This court, therefore, held that the surrogate could not, *by force of the language of this section*, make an order for the payment over to a legatee of a portion of a legacy as a mere matter either of discretion or arbitrary power ; and that the power to make such an order must be found in some other provision of the Code before it can be exercised. But the court did not hold, nor intend to hold, that if a power existed in, or was conferred by any other section upon showing any prescribed state of facts or condition of things, the surrogate could not proceed to make an order under that power allowing an act which the executors could thereupon lawfully perform or execute, notwithstanding the suspension created by section 2650. In respect of the act thus lawfully authorized, the suspension of that section would cease to operate, and the executor would act in performing it the same as though his authority under his letters had not been suspended. The legal effect of that portion of section 2650, which provides that the executor may do " such other acts as he is expressly allowed to perform by an order of the surrogate, made upon notice," is to declare that in respect to such acts, his letters testamentary resume their original force, and he may proceed to perform them, as though no steps for revocation of the probate had ever been taken.

Among the acts which an executor may lawfully perform under his letters testamentary, when authorized by a decree of the surrogate, are those specially named in section 2717 of the Code, one of which is that after one year has expired since letters were granted, he may pay the whole or a just proportional part of a legacy, or other pecuniary provision under a will, to the person entitled thereto,

when so directed by a decretal order of the surrogate. It is · not necessary to comment upon the plain object of this provision. Section 2719 enlarges the power conferred by the section just quoted for the purpose of meeting an additional class of exigencies that may often arise in the execution of wills or the administration of estates. It provides that in respect of legacies or other pecuniary provisions under wills, or distributive shares in cases of intestacy, the surrogate may entertain the petition mentioned in section 2717, at any time *after letters are granted,* although a year has not expired. But to set the provisions of this section in operation, certain conditions of fact must be shown to exist, which are clearly pointed out by the section itself. The amount of money and the value of other property in the hands of the executor or administrator applicable to the payment of debts, legacies and expenses, must be shown to exceed by at least one-third the amount of all known debts and claims against the estate, and all legacies which are entitled to priority over the petitioners claim, and of all legacies or distributive shares of the same class; and that the payment or satisfaction of the legacy, pecuniary provision or distributive share or some part thereof is necessary for the support or education of the petitioner. In such a case the surrogate is clothed with discretion to make a decree directing payment or satisfaction accordingly as the facts may appear, upon the filing of a bond approved by the surrogate in the form indicated, conditioned as prescribed by the section. Under this section the surrogate is clothed with power, therefore, to make an order after letters testamentary have been granted, although a year has not expired, when, in his judgment, a portion of a legacy, pecuniary provision, or distributive share, is necessary for the support of the petitioner. · The section was obviously intended to meet such cases as might and often do arise where the anticipation of a portion or the whole of a legacy, or pecuniary provision, is shown to be necessary for the support of the party who will be ultimately entitled to receive it.

This brings us sharply to the question on which the case before us depends ; and that is, whether the provisions of the several sections 2717, 2718 and 2719 are operative only in cases of testacy, where letters testamentary have issued upon an undisputed and final

probate of a will over which there is. no contest. If that limitation is contained in these statutes, then a case is not presented by the petition in which the surrogate has power to make the order prayed for. But if, by the true construction of the sections, the power is intended to be given to make a decree or order in any case where letters testamentary have been issued, whether or not the probate is complete and final, or whether probate has been opened to further controversy by petition for revocation, then the surrogate had power to authorize the executors to do the act prayed for by the petition, and his making a decree or order to that effect would relieve, *pro tanto*, the executors from the suspension of their powers imposed by section 2650. It was in view of the idea that this latter might be held to be the case, that this court intimated, *In the Matter of McGowan* (*supra*), that if those proceedings had been taken under the sections now under consideration, upon proper showing of the facts requisite under those sections, it might be that the surrogate would have had power to make an order similar to that then appealed from.

The distinction between the orders in this case and that is obvious. The one in McGowan's case was based upon a petition which failed to show that payment was necessary for the support or education of any of the petitioners; for it simply showed that they were "anxious to have an advance made to them on account of their respective interests in the estate." The power rested, therefore, not at all upon sections 2717, 2718, 2719, but wholly upon the construction of section 2650, which. it was assumed, authorized the executors to do *any act* which the surrogate chose to order to be done. It will be seen from the several sections of the Code that the authority is not limited to cases of testacy. It is equally within the authority of the surrogate to make an order upon an administrator, upon showing the facts required by the sections, directing him to make an advance payment.

By section 2672 of the Code, the surrogate is authorized both in cases of testacy and intestacy, where a temporary administrator has been appointed, whose authority under the Code is substantially the same as that of an executor whose proceedings have been suspended by the provisions of section 2650, to direct the payment of a legacy or pecuniary provision, or a distributive share or just propor-

tional part thereof, according to section 2719, "as though he were an executor or administrator." A temporary administrator is to be appointed in cases where the granting of letters testamentary or of letters of administration is necessarily delayed by a contest upon the application therefor or by delay of the probate of a will, or in such other cases as are prescribed by the Code. The result of these provisions, as it seems very clearly to us (collating section 2672 with section 2719) is, that the surrogate may in cases of temporary administration, authorize the temporary administrator to do, under a will over which there is a contest as to its probate, acts in respect to such payments as are sought for in this case and which it is claimed he cannot do where the will has been admitted to probate and letters testamentary have been issued, but their operation suspended by an attack upon the will subsequently commenced as permitted by law. This is an incongruity which it can hardly be supposed the legislature intended to create. In cases where letters testamentary have been issued upon probate, but their operation suspended by a petition for revocation, there can be no temporary administrator. The statute in effect makes the executor to whom letters have been granted such temporary administrator, leaving him free to do substantially the same acts which such an administrator might perform but suspending his functions beyond those acts unless the surrogate expressly authorizes them to be used by a decree upon special petition. Surely no good reason can be assigned for the distinction sought to be shown between him and a temporary administrator appointed in any other contest over the will.

The power referred to as contained in section 2672 in cases of temporary administrators, was specifically granted by the amendment to the section adopted in 1881 (Laws of 1881, chap. 535), and it is said by the note of the codifiers that it was framed to obviate the difficulties supposed to exist by the learned surrogate, under the existing statutes, as he construed them in *Le Bau v. Vanderbilt* (3 Redf., 384, 414).

But we must find the legislative intent in the body of the statute itself; and it is easy to see that it was clearly intended by the amendment of section 2672, to confer a power in cases of temporary administration, to do the very thing sought for in this case. Though by no means a conclusive argument, yet the analogy

strongly illustrates the legislative intent in granting the power contained in sections 2717, 2718, 2719, and in using the words in the several sections "*since letters were granted*" and the .words "*after letters are granted.*" Those words of course express ideas entirely consistent with the fact that such letters were granted upon complete and final probate of the will. But they are also entirely. consistent with the fact which the statutes recognize and indeed create, that letters may be granted upon a formal probate of the will which is not final, but subject under certain circumstances to contest, because the statute clearly keeps such letters in full force, and clothes the executors to whom they have been issued with certain powers of execution, without order, and certain other and more extended powers with order of the surrogate.

It did not need the restrictive language of section 2650 to prevent the executor, in case a contest was begun after probate, from paying a portion of a legacy or distributive share under section 2719 without a special decretal order of the surrogate, for in no case could he do so under his letters till such order was first obtained. But the power clearly existed before the citation to contest the will was issued and served, and that power was not abrogated by section 2650. It still remains in the surrogate, who, in his discretion, can, when a petitioner complies with the requirements of section 2719, authorize the act to be done, in which case the suspension of section 2650 is not at all in the way.

The result to which these views lead us in this case is that the surrogate had jurisdiction under the petition to proceed and determine whether the case was one within the provisions of the statute, and in which his authority " to make such an order in the premises as justice requires," can lawfully be exercised. It was conceded on all hands that the petition presented a proper case for the exercise of the power if it existed. The only question raised was that of jurisdiction. On that question we think the learned surrogate was in error. The views of the surrogate are very ably expressed in his opinion, and we have given to them the great consideration to which they are clearly entitled. But we think the statute is susceptible of the construction we have given it, and are glad to feel assured that there is no danger of it being abused in his hands.

The order appealed from should be reversed and the proceedings

remanded to the Surrogate's Court for such order upon the facts presented as he may deem just.

BRADY and DANIELS, JJ., concurred.

Order reversed and proceedings remanded to the surrogate.